**Eric M. BACOLOD, Petitioner–Appellant,**

v.

**Maggie MILLER–STOUT, Respondent–Appellee.**

No. 02–36089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided Aug. 2, 2004.

Eric M. Bacolod, Airway Heights, WA, pro se.

Robert H. Gombiner, Esq., Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

Paul Douglas Weisser, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Eric Bacolod was convicted in Pierce County, Washington Superior Court of three counts of first-degree assault while armed with a firearm. After unsuccessfully pursuing his remedies in state court, Bacolod filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Western District of Washington. Adopting the magistrate judge's report and recommendation, the district court denied the petition. Bacolod filed a timely appeal from this decision. On August 21, 2003, we granted a certificate of appealability on the issue of whether the prosecutor committed misconduct during closing argument in violation of appellant's federal constitutional rights. We now affirm the district court's judgment.

In response to Bacolod's challenge to the prosecutor's closing argument, we hold the Washington Court of Appeals' decision on direct review neither is contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d) (noting that a writ of habeas corpus cannot be granted unless the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings"); *see also Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003) (holding that a state court's decision is contrary to federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court case authority" or "applies controlling law to a set of facts that is materially indistinguishable from a Supreme Court decision but nevertheless reaches a different result") (citation and internal quotation marks omitted); *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (holding that a state court's decision is an "unreasonable application of federal law if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case") (citation and internal quotation marks omitted), *cert. denied,* —— U.S. ——, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003). Indeed, with regard to each of the challenged statements made by the prosecutor during closing argument, Bacolod has failed to show that his due process rights were compromised.

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

736

*See Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir.2002) ("Prosecutorial misconduct violates a defendant's due process rights when it 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'") (quoting *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)).

 Most worrisome of these statements was the prosecutor's argument that the jury could infer Bacolod's intent to commit assault from what others at the scene said. According to the prosecutor, such an inference was possible because "That is the culture that you are dealing with. That's the community that you are dealing with. That's your gauge for determining someone's intent...." Bacolod argues that such a statement "smacks strongly of racially coded language and is 'the paradigm of the improper "bad character" argument.'" (quoting *Washington v. Hofbauer,* 228 F.3d 689, 700 (6th Cir. 2000)). Such statements might well rise to the level of misconduct if they actually *are* racially coded, or if they attempt to establish guilt by association. *See United States v. Wolfswinkel,* 44 F.3d 782, 787 (9th Cir.1995). There is no racial coding problem in cases such as this one, however, where the prosecutor was referring to a racially heterogeneous group of young people. Furthermore, to whatever extent the prosecutor's statement might be construed as an invitation to the jury to impose guilt by association, we are unconvinced, in light of the other evidence of intent, that it "so infected the trial with unfairness as to make the resulting conviction a denial of due process" under *Darden,* and therefore constituted prosecutorial misconduct.

AFFIRMED.